# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John A. Nordberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5997 | **DATE** | February 14, 2012 |
| **CASE TITLE** | Larry Minniefield (2009-0058023) vs. City of Chicago, et al. | | |

**DOCKET ENTRY TEXT**

Defendants' motion to dismiss [13] is granted. Plaintiff's complaint is dismissed with prejudice for failure to state a claim upon which relief can be granted. This matter is closed.

■[ For further details see text below.]     Docketing to mail notices.

## STATEMENT

    Plaintiff, Larry Minniefield, a pretrial detainee at Cook County Jail, brings this civil rights action pursuant to 42 U.S.C. § 1983. Presently before the Court is Defendants' motion to dismiss for failure to state a claim upon which relief can be granted. Plaintiff was given the opportunity to respond to the motion to dismiss but failed to do so.

    It is well established that *pro se* complaints are to be liberally construed. *Kaba v. Stepp*, 458 F.3d 678, 681, 687 (7th Cir. 2006). *Pro se* submissions are held to a less stringent standard than formal pleadings drafted by lawyers. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)); *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 667 (7th Cir. 2008).

    To satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), the plaintiff must only state his basic legal claim and provide "some indication . . . of time and place." *Thompson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004). In addition, when considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court assumes all factual allegations in the complaint to be true, viewing all facts–as well as any inferences reasonably drawn therefrom–in the light most favorable to the plaintiff. *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010); *Bell Atlantic Corp.,* 550 U.S. at 563 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)). A well-pleaded complaint may proceed even if it appears "that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Bell Atlantic Corp.*, 550 U.S. at 556.

    Nevertheless, the factual allegations in the complaint must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp.*, 550 U.S. at 555. While a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted). "The complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S.662, 129 S. Ct. 1937, 1949 (2009)).

    Importantly, "when a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations. *Northern Ind. Gun & Outdoor Show, Inc. V. City of South Bend*, 163 F.3d 449, 454 (7th

**STATEMENT**

Cir. 1998). Thus, if a plaintiff attaches a document to his complaint and relies upon that document to form the basis of a claim, dismissal is appropriate if the document negates the claim. *See Thompson v. Illinois Dep't of Professional Reg.*, 300 F.3d 750, 754 (7th Cir. 2002).

The following facts are taken from Plaintiff's complaint and the Chicago Police Department Information Report and Leads Response Plaintiff attached to his complaint. Plaintiff alleges that on August 28, 2009, he was falsely arrested without a warrant following an anonymous tip regarding a suspicious male. Plaintiff was charged with criminal trespassing and unlawful use of a weapon due to a three-inch pocketknife being found in his possession. Later, at the police station, he was also charged with failing to register as a sex offender. Plaintiff remains detained on these charges.

The Chicago Police Department Information Report states that Plaintiff was observed on the property of Uplift School during non-school hours. During a field interview with the police, Plaintiff gave conflicting answers regarding his reason to be on school property. A police officer conducted a protective pat-down search of Plaintiff and found a folded three-inch knife in Plaintiff's front pants pocket. Plaintiff was placed into custody and read his Miranda rights. A computer inquiry at the scene revealed through a Leads Response, that Plaintiff was a sex offender who had been notified to register as a sex offender but had not done so. When the police officer asked Plaintiff where he resided, Plaintiff stated that he was homeless and that he slept in a park. The Leads Response printout states that Plaintiff is convicted sex offender but that he should not be searched, detained, or arrested based solely on that record.

Plaintiff indicates that he brings claims of false arrest, false imprisonment, and malicious prosecution.

The existence of probable cause is an absolute bar to a Section 1983 claim for false arrest and false imprisonment. *See Jackson v. Parker*, 627 F.3d 634, 638 (7th Cir. 2010); *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006). "Police ordinarily have probable cause if, at the time of the arrest, the 'facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect' has committed , is committing, or is about to commit and offense.' " *Wagner v. Washington County*, 493 F.3d 833, 836 (7th Cir. 2007) (quoting *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979). The determination of whether probable cause exists "relies on the common-sense judgment of the officers based on the totality of the circumstances." *United States v. Reed*, 443 F.3d 600, 603 (7th Cir. 2006). The court may only decide if probable cause exists if the facts underlying the claimed existence of probable cause are not disputed. *See Gonzalez v. City of Elgin*, 578 F.3d 526, 537 (7th Cir. 2009).

Here, Plaintiff was arrested for unlawful use of a weapon and criminal trespassing. Plaintiff concedes in his complaint that the police confiscated a three-inch knife from his pocket prior to his arrest. Thus, the police officers had probable cause to arrest him for unlawful use of weapon. *See* Chicago, Ill. Municipal Code § 8-24-020. Therefore, Plaintiff has pled himself out of court as to his false arrest and false imprisonment claims.

To state a claim for malicious prosecution under Illinois law, a plaintiff must allege: (1) he was subjected to judicial proceedings; (2) for which there was no probable cause; (3) the defendants instituted or continued the proceedings maliciously; (4) the proceedings were terminated in plaintiff's favor; and (5) there was an injury. *Reed v. City of Chicago*, 77 F.3d 1049, 1051 (7th Cir. 1996). As discussed above, Plaintiff's allegations demonstrate that the police had probable cause for his arrest. In addition, Plaintiff specifically pleads that he is still detained on the charges stemming from his arrest; thus, he does not plead that the proceedings were terminated in his favor.

Plaintiff also references the Fifth and Sixth Amendment in his complaint. Plaintiff's mere reference to these Amendments constitute conclusory allegations that do not put the Defendants on notice of the claims against them. *See* Fed. R. Civ. P. 8(a)(2). In addition, Plaintiff cannot proceed on a Fifth Amendment claim as the Due Process clause of the Fifth Amendment only applies to federal officials. *See Andrews v. Consolidated Rail Corp.*, 831 F.2d 678, 682 (7th Cir. 1987). Lastly, any state law claims Plaintiff may be attempting to raise would be barred by the one-year statute of limitations for claims brought against a municipality or its employees. *See* 745 ILCS 10/8-101

For the foregoing reasons, Plaintiff has failed to state a claim upon which relief can be granted. Defendants' motion to dismiss is granted. This matter is closed.